UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

FRANCESCA D'AMBRA,
Plaintiff,

- v -

NEW ENGLAND GAS COMPANY
Defendant.

C.A. No.: 06-352S

**DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF**

Pursuant to Fed. R. Civ. P. 33, Defendant, New England Gas Company hereby propounds its First Set of Interrogatories to Plaintiff to be answered under oath within thirty (30) days from the date of service.

INSTRUCTIONS AND DEFINITIONS

For purposes of these Interrogatories, the following definitions shall apply:

1. "Plaintiff," "You" or "Your" shall mean the plaintiff in this action, Francesca D'Ambra, or anyone acting on her behalf or for her benefit.

2. The term "DEFENDANT" means the named defendant in this case, New England Gas Company, and any present or former officers, directors, employees and agents thereof.

3. The "Complaint" shall refer to the above-captioned judicial complaint filed by Plaintiff in the Providence County Superior Court, and removed by Defendant to the United States District Court.

4. "Identify" and "Identity" when used with regard to a person, means that Plaintiff should state the name, residential address, residential telephone number, business address, business telephone number, and occupation of the person. When "identify" is used with regard to a document, please state the type of document, its date, author, address, title and the name and

address of the custodian of the document as well as its present location. When "identify" is used with regard to a conversation or communication, please state the date of the conversation or communication, the persons conversing or communicating, the location of the conversation or communication and the substance of the conversation or communication.

5. The term "Document" is intended to have the broadest possible meaning and shall mean and include correspondence, letters, memoranda, handwritten notes, messages, telegrams, diaries, calendars, videotapes, tape recordings, photographs, reports, notations, drafts, studies, analyses, summaries, magazines, booklets, circulars, bulletins, instructions, minutes, purchase orders, bills, checks, tabulations, questionnaires, surveys, drawings, sketches, working papers, charts, graphs, indexes, tapes, correspondence, records of purchase or sale, contracts, agreements, leases, invoices, expense records, trip reports, releases, appraisals, valuations, estimates, opinions, financial statements, accounting records, income statements, e-mail messages, computer tapes, discs or documents, electronic or other transcriptions or taping of telephone or personal conversations or conferences, and any other document or writing of whatever description including, but not limited to, any information contained in any computer, although not yet printed out. Responsive documents should be produced with all attachments and enclosures. A draft or non-identical copy is a separate document within the meaning of this term.

6. If you claim privilege with respect to any document or communication and decline to disclose any such communication or produce any such document on the basis of such privilege, your response should (a) identify each such communication or withheld document, (b) state the precise nature of each privilege claimed, and (c) state the basis, in detail, of each such claim of privilege.

# INTERROGATORIES

**Interrogatory No. 1**

State all addresses where you have resided over the past 10 years, the dates you resided at each address, with whom you resided at each address, your social security number, your date of birth, and, if you are or have ever been married, the names of your spouse or former spouse.

**Interrogatory No. 2**

List the names, addresses and telephone numbers of all employers (including self-employment) for whom you have worked in the past 10 years, and for each employer, identify:

(a) Position(s) held;

(b) The duties of the position(s);

(c) The person(s) you reported to;

(d) Dates of employment; and

(e) Your reason for leaving. If you were involuntarily terminated (discharged, laid off, resigned under pressure, constructive discharge, etc.), describe in complete detail the circumstances surrounding your separation.

**Interrogatory No. 3**

Identify all high schools, post-secondary schools, colleges, universities, vocational schools, correspondence schools, or other educational institutions, you have attended or from which you have received instruction or training. For each institution identified, state its name, address, and telephone number; dates of attendance; degree or certification received, if any, and the date upon which the degree or certification was conferred.

**Interrogatory No. 4**

Identify all sources of income since your last day of employment with Defendant, including, but not limited to, wages, disability payments, Social Security payments, proceeds from insurance policies, workers' compensation benefits, unemployment compensation benefits,

proceeds from any personal injury claim, award or settlement, proceeds from any employment-related claim, award or settlement, and state the amount received from each source in each year since your separation from Defendant.

**Interrogatory No. 5**

Identify by name, address, telephone number, and employer, all persons who are believed or known by you, your agents or your attorneys to have any knowledge regarding any of the matters at issue in this case, and describe in complete detail the nature and substance of the knowledge believed to be possessed by each.

**Interrogatory No. 6**

Identify all health care providers, physicians, psychiatrists, psychologists, therapists, specialists or counselors and all personal or family counselors you have consulted and/or from whom you have received counseling, examination or treatment, since August 2005, for any emotional distress you allege has been caused by Defendant's conduct. Include:

(a) The names and business addresses of each provider;

(b) The impairment, disability, condition, problem, injury, or emotional distress for which you were counseled, examined or treated;

(c) The approximate date(s) of each counseling, examination or treatment.

**Interrogatory No. 7**

For the period from 1996 to the present, identify all health care providers, physicians, psychiatrists, psychologists, therapists, specialists or counselors and all personal or family counselors you have consulted and/or from whom you have received counseling, examination, testing, or treatment for any mental or emotional injury or condition. Include:

(a) The names and business addresses of each provider;

(b) The impairment, disability, condition, problem, or injury examined or treated;

(c) The approximate date(s) of each examination, treatment, counseling or testing.

**Interrogatory No. 8**

With respect to your claims for damages:

(a) Identify with specificity each type or kind of damage (including any type of "emotional" damage) or relief you seek;

(b) For each type or kind of damage or relief sought, state the date and time period of such loss;

(c) For each damage or relief identified, state the exact amount of monetary compensation or other relief sought;

(d) For each amount of monetary compensation, state the method by which such damage or relief was calculated with sufficient specificity that Defendant is apprised of the methodology used and is able to determine the accuracy of the computation;

(e) State each and every fact, whether actual or assumed, upon which such claim or calculation is based;

(f) Identify each person having knowledge of the facts upon which such claim for damage is based and, for each person identified, state the basis of his or her knowledge;

(g) Identify each and every document which describes, reflects, supports or relates to the damages or relief you seek, or which forms the basis of, or which are relied upon in the calculation of your alleged damages or relief sought.

**Interrogatory No. 9**

Identify the name, address, and telephone number of any and all individuals from whom either you, your attorney or former attorney(s), or someone acting on your behalf or your attorney's behalf has taken any statement, oral or written, sworn or unsworn, relating to any of the matters at issue in this case.

**Interrogatory No. 10**

State whether you have ever been a party, either as a plaintiff or defendant, in a lawsuit other than the present action. If so, state whether you were a plaintiff or defendant, and identify the opposing party, the nature of the action, the date and court in which the action was filed, the case number of the action, and the disposition of the action.

**Interrogatory No. 11**

Identify all legal proceedings in which you have provided a sworn statement or given a deposition or testimony under oath (as a party or a witness), noting whether you were a plaintiff or defendant or witness, the nature of the action, and the date and forum in which such action was filed.

**Interrogatory No. 12**

With respect to any period of unemployment following the date your employment relationship with Defendant ended, identify the dates of each period and describe in detail with respect to each period all your efforts to obtain employment and/or to earn compensation, earnings or income of any type, and identify each employer, person or entity with which you sought employment, state their name and address, the date of your contact(s) or application, the name and title of the person(s) with whom you communicated regarding the position, the position sought, whether you were offered the position, and whether you went to work for the employer.

**Interrogatory No. 13**

If you have ever been convicted of (or plead guilty or no contest to) a crime other than a minor traffic offense, state as to each conviction or plea of guilty or no contest the specific crime and the date and place of each conviction or plea.

**Interrogatory No. 14**

Identify each person whom you expect to call as an expert witness at trial, and with respect to each expert identified, state the subject matter on which the expert is expected to testify, state the substance of the facts and opinions to which the expert is expected to testify, state a summary of the grounds for each opinion, and state the education, business, professional

or other experience, as well as any other facts that will be offered at trial to prove the qualifications of each expert.

**Interrogatory No. 15**

Identify all documents upon which Plaintiff relies in support of any allegation she has made or intends to make against Defendant in connection with the Complaint.

NEW ENGLAND GAS COMPANY,

By its Attorney,

NIXON PEABODY LLP

Neal J. McNamara (#4249)
Matthew J. Frankel (#7293)
One Citizens Plaza, 5th Floor
Providence, RI 02903
Tel. (401) 454-1000
Fax. (401) 454-1030

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the within document was forwarded via first class mail, postage pre-paid, this 9th day of September, 2006.

Bernard P. Healy, Esq.
91 Friendship Street
Providence, RI 02908

10087778.1

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

FRANCESCA D'AMBRA,
Plaintiff,

- v -

NEW ENGLAND GAS COMPANY
Defendant.

C.A. No.: 06-352S

**DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF**

Pursuant to Fed. R. Civ. P. 34, Defendant New England Gas Company, hereby requests that Plaintiff produce the documents and things described below. The documents and material items requested herein shall be produced at the offices of Nixon Peabody LLP, One Citizens Plaza, Providence, Rhode Island, 02903, within 30 days from the date of service of this request. This request is continuing and requires supplemental responses and production to the full extent required by the Federal Rules of Civil Procedure.

**DEFINITIONS**

The Requests which follow are to be read, interpreted and answered with reference to the following definitions and instructions:

1. The terms "YOU" and "YOUR" shall mean the Plaintiff in this action, Francesca D'Ambra, and any of her agents, representatives and attorneys, or any other person representing or purporting to represent Plaintiff in any capacity.

2. The term "DEFENDANT" means the named defendant in this case, New England Gas Company, and any present or former officers, directors, employees and agents thereof.

3. The term "DOCUMENT" is intended to have the broadest possible meaning, and shall mean and include correspondence, letters, memoranda, handwritten notes, messages, telegrams, diaries, calendars, videotapes, tape recordings, photographs, reports, notations, drafts, studies, analyses, summaries, magazines, booklets, circulars, bulletins, instructions, minutes, purchase orders, bills, checks, tabulations, questionnaires, surveys, drawings, sketches, working papers, charts, graphs, indexes, tapes, correspondence, records of purchase or sale, contracts, agreements, leases, invoices, expense records, trip reports, releases, appraisals, valuations, estimates, opinions, financial statements, accounting records, income statements, e-mail messages, computer tapes, discs or documents, electronic or other transcriptions or taping of telephone or personal conversations or conferences, and any other written, printed, typed, punched, taped, filed or graphic material, however produced or reproduced. Responsive documents should be produced with all attachments and enclosures. A draft or non-identical copy is a separate document within the meaning of this term.

4. When referring to a person, the term "TO IDENTIFY" means to give, to the extent known, the person's full name, present or last known address, and, when referring to a natural person, the present or last known place of employment. Once a person has been identified in accordance with this paragraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

5. When referring to documents, the term "TO IDENTIFY" means to give, to the extent known, the

(a) Type of document;

(b) General subject matter;

(c) Date of the document; and

(d) Author(s), addressee(s), and recipient(s).

6. The terms "PLAINTIFF" and "DEFENDANT" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, agents, partners, corporate parent, subsidiaries, or affiliates.

7. The terms "PERSON" or "PERSONS" shall refer not only to natural persons, but also, without limitation, firms, partnerships, corporations, associations, unincorporated associations, organizations, businesses, trusts, public entities, parent companies, subsidiaries, divisions, departments or other units thereof and/or any other type of business, legal, or governmental entity or association.

8. The term "CONCERNING" means referring to, related to, describing, evidencing, or constituting.

9. The terms "AND" or "OR" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

**INSTRUCTIONS**

1. Unless otherwise specified, the period covered by this Request is from August 2005 to the present.

2. If any information, communication, or document responsive to any one of the following requests, or any portion thereof, is withheld on the basis of any claim of privilege, identify such information, communication, or document by stating its date; author(s); addressee(s) and copy(s); title; substance or subject matter; type (e.g., memorandum, letter or report, etc.); any attachments to the document; all persons who have had access to or have knowledge of such information, communication, or document; and the basis for the contention

that such information, communication, or document is privileged or otherwise not subject to discovery.

3. If any document responsive to any of the following requests has been destroyed, discarded, or otherwise disposed of, please identify it by stating its date; author(s), addressee(s) and copy(s); title; substance or subject matter; type (e.g., memorandum, letter or report, etc.); any attachments to the document; all persons who have had access to or who have knowledge of the nature, subject matter, and contents of the document; the date of the destruction or other disposition of the document; the manner and reason for its destruction or other disposition; and the identity of the person(s) authorizing such destruction or other disposition.

4. All documents are to be produced as they are kept in the usual course of business, as provided by the United States District Court Rules of Civil Procedure, with any identifying labels, file markings, or similar identifying features, or shall be organized and labeled to correspond to the appropriate document request herein. If there are no documents responsive to a particular request, please state so in the written response to that request.

**DOCUMENTS TO BE PRODUCED**

1. All documents which in any way refer or relate to your allegations and claims in this case, including, but not limited to, correspondence, memoranda, your calendar, appointment book, personal diary, notes, or any similar written or recorded logs.

2. All documents containing, referring or relating to statements you have made about the facts or subject matter of this case.

3. All documents that evidence, refer or relate to any statements made by any person, at any time, which relate to any of the allegations, and/or claims for damages or injuries, made by Plaintiff in this action.

4. All documents obtained by you from Defendant or from any of its employees, agents or representatives, whether such documents were given to you or were taken by you, including but not limited to:

(a) Any records pertaining to your employment with Defendant;

(b) Any record of warnings, counseling, disciplinary action or other admonishment by Defendant directed to you;
(c) Any notes and/or correspondence and/or memos relating to your employment with Defendant;
(d) Any booklets, correspondence, memos, or other documents relating to employee benefits, pay, pay increases or decreases, or bonuses;
(e) Any documents relating to promotions and demotions, including applications made for promotions.

5. All documents reflecting, referencing or otherwise evidencing any alleged, discrimination by Defendant or any of its agents or employees.

6. All documents that relate, refer to, or comprise communications between you or your attorney, or former attorney(s), and any present or former employee of Defendant relating to your employment with Defendant.

7. All documents concerning earned or passive income you have received from any source since your employment ended with Defendant, including but not limited to check stubs, payroll records, unemployment compensation records, workers compensation records, disability payment records, and W-2 and 1099 forms.

8. All state and federal income tax returns including any schedules or attachments filed by you or on your behalf for the years 2005 to the present.

9. To the extent not encompassed by the foregoing requests, all documents reflecting, referencing, otherwise evidencing, or upon which you intend to rely to show the nature and extent of any lost wages incurred by you as a result of the allegations in the Complaint.

10. All mental health records dating since 2003, including but not limited to records, notes, memoranda, correspondence, tests, reports, and prescriptions, relating to counseling, diagnosis, testing, or treatment provided to you for any mental, psychiatric, psychological, or emotional injury or condition by any health care provider, as well as any financial records, bills, invoices or other memoranda related thereto.

11. All documents evidencing, commenting upon, or referring to any incidents from 2000 to the present, whether or not involving the conduct of the Defendant, which have caused you to suffer emotional or psychological distress or injury.

12. All documents concerning any attempt on your part to secure employment during or following your employment with Defendant, including but not limited to, cover letters and resumes sent to prospective employers, and responses thereto, and offers of employment received by you and responses thereto.

13. All documents concerning any attempt on your part to obtain Temporary Disability Insurance, Unemployment Compensation and/or Worker's Compensation benefits at any time from August 2005 to the present.

14. All documents or tangible items or exhibits that you intend to offer at trial.

15. All documents identified in, or relied upon in preparing your Responses to Defendants' First Set of Interrogatories.

NEW ENGLAND GAS COMPANY,

By its Attorney,

NIXON PEABODY LLP

Neal J. McNamara (#4249)
Matthew J. Frankel (#7293)
One Citizens Plaza, 5th Floor
Providence, RI 02903
Tel. (401) 454-1000
Fax. (401) 454-1030

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the within document was forwarded via first class mail, postage pre-paid, this 19th day of September, 2006.

Bernard P. Healy, Esq.
91 Friendship Street
Providence, RI 02908

10087904.1