UNITED STATE DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| FRANCESCA D'AMBRA,<br>Plaintiff, | : | |
| v. | : | C.A. No. 06-352 S |
| NEW ENGLAND GAS CO.,<br>Defendant. | : | |

**DEFENDANT'S MOTION IN LIMINE**

Defendant New England Gas Co. hereby moves *in limine* to exclude any and all witnesses Plaintiff Francesca D'Ambra intends to call who (a) were not decision makers with respect to Plaintiff's hiring or termination; (b) did not influence the decisions to hire or terminate her; and (c) otherwise have no personal knowledge that would shed light on the decision makers' motivations with respect to Plaintiff's termination. Because the sole issue to be determined by the jury in this case is whether Plaintiff's supervisors terminated her because of her gender, testimony by those meeting the criteria set out in (a), (b), and (c) above would be irrelevant and thus inadmissible under Fed. R. Evid. 401 and 402. In support of this motion, Defendant submits the attached memorandum of law.

Respectfully submitted,
DEFENDANT NEW ENGLAND GAS CO.

By its attorneys,
NIXON PEABODY LLP

/s/ Neal J. McNamara
Neal J. McNamara (#4249)
Matthew J. Frankel (#7293)
One Citizens Plaza, Suite 500
Providence, RI 02903
Tel: (401) 454-1000
Fax: (401) 454-1030
nmcnamara@nixonpeabody.com
mfrankel@nixonpeabody.com

Dated: February 2, 2007

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the within document was forwarded to the following persons via first class mail, postage pre-paid, this 2d day of February, 2007.

Bernard P. Healy, Esq.
750 East Street
Pawtucket, RI 02860

/s/ Neal J. McNamara

UNITED STATE DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| FRANCESCA D'AMBRA,<br>Plaintiff, | : | |
| v. | : | C.A. No. 06-352 S |
| NEW ENGLAND GAS CO.,<br>Defendant. | : | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION IN LIMINE**

Defendant New England Gas Co. ("Defendant") has filed this motion *in limine* to exclude any and all witnesses Plaintiff Francesca D'Ambra ("Plaintiff") intends to call who (a) were not decision makers with respect to Plaintiff's hiring or termination; (b) did not influence the decisions to hire or terminate her; and (c) otherwise have no personal knowledge that would shed light on the decision makers' motivations with respect to Plaintiff's termination. Because the sole issue to be determined by the jury in this case is whether Plaintiff's supervisors terminated her because of her gender, testimony by those meeting the criteria set out in (a), (b), and (c) above would be irrelevant and thus inadmissible. See Fed. R. Evid. 401, 402.

**I. Factual Background**

Defendant hired Plaintiff as an apprentice Customer Field Service Technician ("CFS Tech"), along with five other apprentices, in July 2005. Due to illness, Plaintiff was unable to begin her employment at the same time as the other five CFS Tech apprentices, who began working on or about July 11, 2005. Plaintiff, by contrast, began working on or about August 11, 2005.

Plaintiff worked for Defendant for the next five-and-a-half months. On a daily basis, Plaintiff was generally teamed with one of several non-apprentice CFS Techs. Together, Plaintiff and the "lead man" would generally travel to specified locations to do "turn-ons and

shut-offs" of gas service or otherwise identify and address problems that customers had reported. Over that time period, CFS supervisors evaluated Plaintiff, along with the other five apprentices, on a monthly basis through the use of written performance evaluations and a rating formula. On limited occasions, one of the CFS supervisors not responsible for her monthly written evaluation would conduct on-site performance reviews and prepare a written evaluation for that, as well. In December, the supervisors assigned Plaintiff to work for one week with Charlie Rugg and for one week with David Andrews, two experienced CFS Techs, and solicited their detailed opinions about her performance and progress. In addition, during the first week of January 2006, Plaintiff spent one day with each of several supervisors, who evaluated her performance without the aid of a "lead man."

After this process, the CFS supervisors decided to terminate her employment as an apprentice because she had not achieved a satisfactory level of progress after five-and-a-half months on the job. This group of supervisors – Mario Carlino, Brian Hunt, Larry Denofio, John Crompton, Bob Ganem, Bob Langlois, and David Coombs – made the termination decision collectively.[1] Beyond the group of supervisors, only the input of Rugg and Andrews played any role in the decision to terminate Plaintiff. These facts are undisputed.

Plaintiff later sued Defendant, alleging that her termination was due to her gender rather than the performance-related reasons Defendant gave her at the time of her termination. This litigation ensued.

---

1 Mario Carlino, as manager of technical training, reported this decision to CFS Director Rick Enright. Mr. Enright otherwise had no knowledge of Plaintiff's performance other than what he heard at periodic supervisors' meetings, which he would occasionally attend. Defendant does not intend to call Mr. Enright, and Plaintiff did not depose him or ever mention him during her deposition.

## II. Procedural Matters

In bringing this motion, Defendant has been greatly prejudiced by Plaintiff's continuing failure to submit a pretrial memorandum stating, inter alia, which witnesses Plaintiff intends to call at trial. That pretrial memorandum, which Defendant timely submitted, was due on January 4, 2007. Acknowledging that the memorandum was several weeks overdue, Plaintiff's counsel indicated at the January 23rd calendar call that he would submit and serve Plaintiff's pretrial memorandum by the end of that week, i.e., by January 26, 2007. To this date, Plaintiff has submitted nothing.

This motion is obviously geared toward the exclusion of certain witnesses whose testimony would be irrelevant to this case, and otherwise unnecessarily duplicative. However, absent any specific knowledge of which witnesses Plaintiff intends to call, Defendant is prevented from addressing why certain specific witnesses should be excluded. In short, Defendant finds itself in the awkward position of arguing for the exclusion of witnesses that have not even been identified.

Thus, Defendant is forced to frame its request to exclude witnesses in the negative, i.e., by identifying those witnesses who either ***influenced*** or ***were***, in fact, the decision makers with respect to Plaintiff's termination, and then moving to exclude virtually all other employees of the Gas Company.[2] Defendant hereby reserves the right to supplement this motion ***in limine*** if and to the extent necessary once Plaintiff does identify her intended witnesses.[3]

---

[2] As stated in its pretrial memorandum, Defendant also intends to call Stephanie Eddleston, whose testimony will be relevant to Plaintiff's hiring, and Joan Chafee, whose testimony will be relevant to Plaintiff's hiring, failure at any time to complain of unfair treatment, and termination. Needless to say, this motion does not seek to exclude their testimony.

[3] Because Plaintiff's failure to file a pretrial memorandum has also prejudiced Defendant by failing to inform Defendant of Plaintiff's intended trial exhibits, Defendant hereby reserves the right to supplement this motion with respect to any objectionable exhibits, as well.

## III. Legal Analysis

"[A] trial judge has broad discretion in ruling on the admissibility of evidence." O'Brien v. Papa Gino's of America, Inc., 780 F.2d 1067, 1076 (1st Cir. 1986); see also Ruffin v. City of Boston, 146 Fed. Appx. 501, 508 (1st Cir. 2005) (unpublished). In an employment discrimination case based on termination, such as this one, "[o]nly evidence on the attitudes of the employees involved in the decision to fire the plaintiff is relevant." Swanson v. Leggett & Platt, Inc., 154 F.3d 730, 733 (7th Cir. 1998); see also Billet v. CIGNA Corp., 940 F.2d 812, 825 (3d Cir. 1991) ("[W]hat matters is the perception of the decision maker."); Smith v. Flax, 618 F.2d 1062, 1067 (4th Cir. 1980) ("It is the perception of the decision maker which is relevant."). Further, "statements made by a non-decision maker are only relevant to the question of animus if the non-decision maker influenced the decision." Gage v. Metropolitan Water Reclamation Dist., 365 F. Supp. 2d 919, 936 (N.D. Ill. 2005); cf. Hester v. BIC Corp., 225 F.3d 178, 184-85 (2d Cir. 2000) (trial court erred by allowing testimony of four witnesses where none "was involved in [the] decision-making processes, or had personal knowledge of it" or "had any basis for knowing whether [plaintiff] was adequately performing her duties"); Hill v. Spiegel, Inc., 708 F.2d 233, 237 (6th Cir. 1983) (trial court erred in admitting statements of managers claiming plaintiff was discharged because of his age where managers were not involved in decision to terminate).

### A. The Decision Makers

It is undisputed that Defendant decided to terminate Plaintiff at a meeting involving Mario Carlino, Brian Hunt, Larry Denofio, John Crompton, Bob Ganem, Bob Langlois, and David Coombs. It is also undisputed that these same managers were the only persons involved in formally evaluating, rating, and discussing the performance of all the apprentices, including

Plaintiff, throughout the period of Plaintiff's employment. See Transcript of Deposition of Mario Carlino, Nov. 9, 2006 ("Carlino Dep. Tr."), at 50-56 (attached hereto as Exhibit A). Thus, the testimony of the above persons is clearly relevant under Fed. R. Evid. 401 and 402. See Swanson, 154 F.3d at 733.

**B. Non-Decision Makers Who Influenced Decision to Terminate**

Additionally, it is undisputed that two of Plaintiff's supervisors, Mario Carlino and Brian Hunt, specifically sought input on Plaintiff's performance from two of the more experienced CFS Techs, Charlie Rugg and David Andrews. See Ex. A, Carlino Dep. Tr. at 56; see also Transcript of Deposition of Brian Hunt, Nov. 9, 2006, at 22 (attached hereto as Exhibit B). The supervisors relied, in part, on Rugg's and Andrew's generally negative reports in deciding to terminate Plaintiff. Thus, the testimony of both Rugg and Andrews is also relevant under Fed. R. Evid. 401 and 402. Cf. Swanson, 154 F.3d at 733 ("[S]tatements of a non-decision maker are imputed to the decision maker only if the former influenced the latter's decision.").

**C. Non-Decision Makers Who Did Not Influence Decision and Do Not Have Any Personal Knowledge of the Motivations of the Decision Makers**

Other than those discussed above, Plaintiff's co-workers cannot provide any testimony "that would make the question of [gender] animus in the decision to terminate any more or less probable." Gage, 365 F. Supp. 2d at 936. Plaintiff has no evidence that any persons, other than those discussed above, (a) had any influence on the decision to terminate or (b) otherwise can provide testimony supporting her allegation that the decision makers were motivated by gender animus, rather than legitimate concerns. In the absence of any such evidence, co-worker testimony would be irrelevant and thus inadmissible under Fed. R. Evid. 401 and 402.[4]

[4] To the extent the Court disagrees with Defendant's argument as to the relevance of non-decision maker co-worker testimony, Defendant moves, in the alternative, to limit the number of Plaintiff's co-worker witnesses
*(Footnote continued on next page)*

## IV. Conclusion

For all of the foregoing reasons, Defendant respectfully requests that the Court GRANT its motion *in limine* to exclude those non-decision maker co-worker witnesses described above.

Respectfully submitted,

DEFENDANT NEW ENGLAND GAS CO.

By its attorneys,
NIXON PEABODY LLP

/s/ Neal J. McNamara
Neal J. McNamara (#4249)
Matthew J. Frankel (#7293)
One Citizens Plaza, Suite 500
Providence, RI 02903
Tel: (401) 454-1000
Fax: (401) 454-1030
nmcnamara@nixonpeabody.com
mfrankel@nixonpeabody.com

Dated: February 2, 2007

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the within document was forwarded to the following persons via first class mail, postage pre-paid, this 2d day of February, 2007.

Bernard P. Healy, Esq.
750 East Street
Pawtucket, RI 02860

/s/ Neal J. McNamara

*(Footnote continued from previous page)*

so as to avoid a needless parade of witnesses who will offer no information on the supervisors' motivations or decision-making process. The Court has broad discretion to limit the "needless presentation of cumulative evidence" under Fed. R. Evid. 403, including limiting the number of witnesses a party may call. See Donovan v. Burger King Corp., 672 F.2d 221, 225 (1st Cir. 1982). Again, because Defendant has no idea how many or which witnesses Plaintiff intends to call, it is greatly prejudiced in its effort to move, in the alternative, to limit non-decision maker co-worker witnesses.