UNITED STATE DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| FRANCESCA D'AMBRA, Plaintiff, | : | |
| v. | : | C.A. No. 06-352 S |
| NEW ENGLAND GAS CO., Defendant. | : | |

**DEFENDANT'S MOTION FOR SANCTIONS**
**AGAINST PLAINTIFF FOR FAILING TO FILE PRETRIAL MEMORANDUM**

Pursuant to Fed. R. Civ. P. 16(f) and 32(b)(2)(B), Defendant New England Gas Co. hereby moves for sanctions against Plaintiff for her continuing failure to file and serve a pretrial memorandum. Plaintiff's pretrial memorandum was due on January 4, 2007. As of today, February 5, 2007, Plaintiff has yet to file and serve it.

Defendant has been greatly prejudiced by this delay because, inter alia, Defendant has been deprived of any knowledge whatsoever regarding Plaintiff's (a) legal theory and authority upon which she intends to rely; (b) intended trial witnesses; (c) intended trial exhibits; and (d) Plaintiff's proposed jury instructions. Because trial is scheduled to begin in three weeks, i.e., on February 27, 2007, Defendant has been deprived of adequate time to prepare its defense. Further, Plaintiff has been unfairly advantaged because Defendant's timely filing and service of its pretrial memorandum has allowed her time to familiarize herself with Defendant's case and prepare accordingly, while Defendant has been prevented from doing the same.

Defendant respectfully requests that this Court exercise its discretion under Rules 16(f) and 32(b)(2)(B) and order the following sanctions:

1. The Court should prevent Plaintiff from calling witnesses beyond those identified in Defendant's pretrial memorandum;

2. The Court should prevent Plaintiff from offering exhibits;

3. The Court should order that Plaintiff bear the cost of attorneys' fees in connection with the preparation of this motion.

In further support of this motion, Defendant submits the attached memorandum of law.

Respectfully submitted,

DEFENDANT NEW ENGLAND GAS CO.

By its attorneys,
NIXON PEABODY LLP

/s/ Neal J. McNamara
Neal J. McNamara (#4249)
Matthew J. Frankel (#7293)
One Citizens Plaza, Suite 500
Providence, RI 02903
Tel: (401) 454-1000
Fax: (401) 454-1030
nmcnamara@nixonpeabody.com
mfrankel@nixonpeabody.com

Dated: February 5, 2007

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the within document was forwarded to the following persons via first class mail, postage pre-paid, this 5th day of February, 2007.

Bernard P. Healy, Esq.
750 East Street
Pawtucket, RI 02860

/s/ Neal J. McNamara

UNITED STATE DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| FRANCESCA D'AMBRA, Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 06-352 S |
| | : | |
| NEW ENGLAND GAS CO., Defendant. | : | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR SANCTIONS AGAINST PLAINTIFF FOR FAILING TO FILE PRETRIAL MEMORANDUM**

Defendant has moved pursuant to Fed. R. Civ. P. 16(f) and 32(b)(2)(B) to impose sanctions on Plaintiff for her continuing failure to file and serve a pretrial memorandum. By failing to file a pretrial memorandum, which is now more than one month overdue, Plaintiff has deprived Defendant of knowledge regarding her intended trial witnesses and exhibits, greatly prejudicing Defendant's ability to prepare for a trial now only three weeks away. Therefore, Defendant seeks sanctions precluding Plaintiff from offering witnesses and exhibits of her own and awarding attorneys' fees related to the filing of this motion.

**I. Factual Background**

In its initial Pretrial Order entered September 5, 2006, the Court set a December 15, 2006 deadline for the filing of pretrial memoranda. Paragraph 7 of the Court's September 5th Order stated, in relevant part: "Failure to strictly comply with this order will result in appropriate sanctions which may include dismissal, default, or exclusion of evidence."

After Plaintiff filed a motion for an extension of time, the Court, by Order dated December 6, 2006, extended the due date for the filing of pretrial memoranda to January 4, 2007. Defendant filed its pretrial memorandum on that date. Plaintiff failed to so file.

At the calendar call for this case on January 23, 2007, Plaintiff's counsel acknowledged that the pretrial memorandum was overdue and represented to the Court and defense counsel that he would file and serve Plaintiff's pretrial memorandum by the end of that week, i.e., by January 26, 2007. At the same hearing, Defendants counsel reserved the right to file a motion for sanctions based on the delay. To this date, Plaintiff has failed to file or serve her pretrial memorandum.

That memorandum is now overdue by more than one month. Trial in this case begins in three weeks, i.e., on February 27, 2007. Because Defendant (as discussed in greater detail below) has been greatly prejudiced by Plaintiff's continuing failure to submit a pretrial memorandum, and Plaintiff cannot show good cause for this failure, Defendant now moves the Court to exercise its discretion to impose sanctions under Rules 16(f) and 32(b)(2)(B).

## II. Legal Analysis

Fed. R. Civ. P. 16(f) provides in relevant part:

> If a party or party's attorney fails to obey a scheduling or pretrial order . . . the judge, upon motion . . . may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B) . . . . In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.

Rule 32(b)(2)(B), in turn, provides that the Court may issue "[a]n order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters into evidence."

"[A]ll orders governing the management of a case are enforceable under pain of sanction for unjustifiable violation. Trial judges have considerable discretion in the selection and imposition of sanctions." Media Duplication Services, Ltd. v. HDG Software, Inc., 928 F.2d

1228, 1242 (1st Cir. 1991) (internal quotes and citations omitted). That discretion encompasses the power, where appropriate, to dismiss a case outright. See Goldman, Antonetti, Ferraiuoli, Axtmayer & Hertell v. Medfit Int'l, Inc., 982 F.2d 686, 691-92 (1st Cir. 1993). It also encompasses the power to impose lesser sanctions, such as the exclusion of evidence and the award of attorneys' fees. See, e.g., Swajian v. General Motors Corp., 916 F.2d 31, 36-37 (1st Cir. 1990) (exclusion of expert witness); Sexton v. Gulf Oil Corp., 809 F.2d 167, 170 (1st Cir. 1987) (same); Kiser v. Boeing Co., 163 F.R.D. 13, 14-15 (D. Kan. 1995) (award of attorney's fees). These lesser sanctions are what Defendant now seeks.

A. BECAUSE PLAINTIFF HAS NOT IDENTIFIED ANY INTENDED TRIAL WITNESSES OR EXHIBITS, EXCLUSION IS APPROPRIATE.

"The power to exclude witnesses and exhibits not disclosed in compliance with discovery and pretrial orders is essential to judicial case management." 3 Moore's Federal Practice § 16.92[5][c] (3d ed. 2006) (citing Sylla-Sawdon v. Uniroyal Goodrich Tire Co., 47 F.3d 277, 284 (8th Cir. 1995), cert. denied, 516 U.S. 822 (1995)). Plaintiff's flagrant disregard of the deadline set by this court is clearly sanctionable. This is especially true considering the plain language of this Court's September 5th Order stating that "failure to *strictly* comply with this order *will result in appropriate sanctions*" including, inter alia, "exclusion of evidence" (emphasis added). Plaintiff's violation is further compounded by Plaintiff's counsel's (false) representation, made on the record on January 23rd, that Plaintiff would submit a pretrial memorandum by January 26th. At that hearing, Plaintiff's counsel gave no reason for the failure to timely submit a pretrial memorandum. Nor did Plaintiff's counsel contact Defendant – or, to Defendant's knowledge, the Court – after that time to explain why Plaintiff was unable to submit the memorandum, as promised, by January 26th.

**1. Defendant has been prejudiced by Plaintiff's failure to file a pretrial memorandum containing, inter alia, her theory of the case, trial witnesses, and trial exhibits.**

In determining whether an exclusion sanction is appropriate, the First Circuit has stated "that the two most important factors to be considered are prejudice and surprise suffered by the opposing party, and that party's ability to cure the prejudice." Johnson v. H.K. Webster, Inc., 775 F.2d 1, 7 n.7 (1st Cir. 1985).[1] Defendant has undeniably been prejudiced by Plaintiff's conduct, and there simply is not sufficient time prior to trial to rectify Plaintiff's omissions.

First, Defendant is prejudiced with respect to jury empanelment on Tuesday, February 6, 2007 (the day after this motion was filed). One of Defendant's proposed *voir dire* questions is whether the potential juror knows any of the witnesses in the case. Plaintiff's failure to submit a pretrial memorandum, which would contain a list of proposed witnesses, prevents Defendant from striking potential jurors who are personal acquaintances of Plaintiff's witnesses (which, in a state as small as Rhode Island, is a clear possibility). Further, Plaintiff's failure to apprise Defendant of the theory of her case and her proposed jury instructions prevents Defendant from evaluating potential jurors with full knowledge of the factual issues those jurors will be required to decide. Plaintiff, by contrast, has had over one month to familiarize herself with Defendant's pretrial memorandum, and thus will have all the concomitant advantages going into empanelment. Thus, prejudice resulting from Plaintiff's failure will be manifest as early as the February 6th empanelment.

[1] Johnson dealt with whether exclusion of testimony was proper for failure to supplement a Rule 26(e) disclosure of expert witness testimony, and was later superseded by a 1993 amendment to the Federal Rules that actually *required* exclusion in certain circumstances. See Klonoski v. Mahlab, 156 F.3d 255, 269 n.5 (1st Cir. 1998). Because the instant issue is within the discretion of the court, however, the principles underlying Johnson are relevant here.

Second, Plaintiff's failure to apprise Defendant of her trial witnesses as of this late date is also prejudicial. Plaintiff has indicated that she will attempt to call numerous co-worker witnesses.[2] With three weeks remaining before trial, Defendant will not be able to interview such witnesses to determine what their testimony might be, let alone have ample time to prepare any defenses and/or rebuttal witnesses that might be necessary to respond to such testimony. By contrast, Plaintiff has had ample time to review Defendant's intended witnesses and to prepare her case based on that knowledge. Her failure to submit a pretrial memorandum has given her an unfair advantage in this respect. Further, as discussed in Defendant's motion ***in limine***, Defendant has been deprived of specific knowledge of Plaintiff's intended witnesses, making it extremely difficult to craft a motion ***in limine*** to exclude those witnesses that would be improper under Fed. R. Evid. 401, 402, and 403.

Third, Plaintiff's failure to identify her trial exhibits presents the same problems for Defendant. This case involves numerous written evaluations and a relatively involved rating process for the customer field service apprentices, including Plaintiff. Defendant lacks any knowledge as to what aspects of this evaluation and rating systems, if any, Plaintiff intends to attack as part of her trial strategy, and what documents or things Plaintiff intends to proffer in support of her claims. Defendant's witnesses, particularly Plaintiff's supervisors, will be deprived of ample time and opportunity to review Plaintiff's specific attacks on their evaluation and rating system so that they can present the fullest, most accurate, and best defense of their actions as possible. Further, Defendant has been deprived of an opportunity to move ***in limine*** to exclude those of Plaintiff's proposed exhibits that may not be admissible under the Federal Rules

---

[2] Defendant filed a motion ***in limine*** to exclude all such witnesses on February 2, 2007. Irrespective of how the Court rules on the instant motion, Defendant fully relies on the legal arguments advanced in the motion ***in limine*** to support the exclusion of those witnesses described therein.

of Evidence. As the date of the trial, February 27, 2007, approaches, it becomes impossible for Defendants, where appropriate, to move *in limine* with respect to such intended exhibits while simultaneously attempting to prepare for trial (and, for that matter, attempt to contact and interview Plaintiff's mystery witnesses). In short, the instant circumstances bear all of the hallmarks of prejudice that have prompted courts to impose sanctions against the offending party.

**2. Court have excluded witnesses and exhibits when confronted with similar failures to file pretrial memoranda.**

Both the September 5th Order of the Court and the interplay between Fed. R. Civ. P. 16(f) and 32(b)(2)(B) put Plaintiff on notice that a failure submit her pretrial memorandum for more than a month after the due date and less than three weeks prior to trial would result in exclusion of evidence. Importantly, no other sanction but evidence preclusion can remedy the prejudice caused Plaintiff's gross (and as yet continuing) violation of the pretrial memorandum deadline. Cf. Velazquez-Rivera v. Sea-Land Service, Inc., 920 F.2d 1072, 1076 (1st Cir. 1990) ("A court is not necessarily required to take less severe action before imposing the sanction of dismissal . . . but dismissal should be employed only if the district court has determined that it could not fashion an equally effective but less drastic remedy.") (internal quotes and citations omitted).

Various state and federal cases, dealing with similar conduct, support excluding Plaintiff's witnesses and exhibits (whomever and whatever they might be) here. In Jones-Bey v. Wright, 1996 U.S. Dist. LEXIS 11173, at *3-6 (N.D. Ind. July 9, 1996), adopted in full, 1996 U.S. Dist. LEXIS 11174 (N.D. Ind. July 22, 1996), the Court entered a pretrial order requiring the *pro se* plaintiff to submit a list of witnesses, exhibits, and contentions by May 24, 1996. Id. at *4. When the plaintiff failed to do so, the defendant moved for dismissal pursuant to Rule 16 on June 14, 1996. Id. The plaintiff eventually filed an incomplete submission on June 24, 1996,

one month past the due date. Id. at *5. Although the court rejected the defendant's suggested sanction of dismissal, it noted that "[d]eadlines must have teeth," and that the plaintiff had not "shown good cause for failing to comply." Id. at *10-11. Thus, the court ruled that the plaintiff would be "precluded from calling any witnesses except for himself" and "from introducing any exhibits." Id. at 13. The court also found that because the "plaintiff's noncompliance with the Scheduling Order was not justified and that circumstances would not make an award of expenses unjust in this instance, defendants should also be allowed to recover their expenses and attorney's fees (or the equivalent) incurred in presenting their motion to dismiss." Id. at *13-14.

Other courts have reached the same result in similar cases. See, e.g., Ware Communs., Inc. v. Rodale Press, Inc., 2002 U.S. Dist. LEXIS 1015, at *21-22 (E.D. Pa. Jan. 23, 2002), aff'd, 322 F.3d 218 (3d Cir. 2003); Butler v. Poulin, 500 A.2d 257, 262 (Me. 1985); Cox v. Greene Mem'l Hosp., Inc., 2000 Ohio App. LEXIS 3942, at *8-12 (Ohio Ct. App. Sept. 1, 2000); see also 3 Moore's Federal Practice § 16.92[6][c] (3d ed. 2006) ("Courts may impose sanctions for failure to file a pretrial statement.") (collecting federal cases).

Nor is this a case where preclusion of Plaintiff's witnesses and exhibits would be tantamount to dismissal, thus requiring a presumption against such an "extreme" sanction. See Ware Communs., Inc., 322 F.2d at 221. Plaintiff need only rely on her own testimony and cross examination of Defendant's witnesses to prove her allegations of discrimination.[3] In any event, whatever disadvantage to Plaintiff exclusion would engender at trial, it is no greater than that which Defendant now faces. Additionally, whether the failure to comply with the filing deadline

[3] As discussed more fully in Defendant's motion *in limine*, those witnesses not listed in Defendant's pretrial memorandum cannot offer any testimony relevant to the sole issue of whether Plaintiff's supervisors were motivated by gender bias in deciding to terminate her. Basically, this case turns on whether the jury believes Plaintiff or her supervisors. Thus, her testimony and cross-examination of her supervisors should provide Plaintiff with ample opportunity to prove her case.

is Plaintiff's fault or that of her counsel makes no difference in the Court's analysis of whether sanctions are appropriate. See Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures Corp., 602 F.2d 1062, 1065-68 (2d Cir. 1979) (citing Affanato v. Merrill Bros., 547 F.2d 138, 141 (1st Cir. 1977)); cf. 3 Moore's Federal Practice § 16.92[5][c] (even where preclusion of evidence is tantamount to dismissal, "[c]ounsel's negligence in failing to comply with a pretrial discovery order can be sufficient to satisfy the fault requirement"). For these reasons, the Court should exclude Plaintiff's witnesses and exhibits.

B. DEFENDANT SHOULD ALSO BE AWARDED ATTORNEYS' FEES FOR THE COSTS ASSOCIATED WITH THIS MOTION AND ANY OTHER COSTS THAT RESULT FROM PLAINTIFF'S FAILURE TO FILE.

As noted above, Rule 16(f) requires the award of attorney's fees "unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust." Here, Plaintiff's failure to file a pretrial memorandum is completely unjustified. There is no question that Plaintiff was aware of the January 4, 2007, due date. Her counsel specifically acknowledged on January 23, 2007 that the memorandum was overdue, and yet he has failed to submit anything since that date. Nor can Plaintiff point to any circumstances that would make an award of attorneys' fees unjust; Defendant has timely filed its pretrial memorandum and has otherwise conducted itself in good faith throughout the course of this litigation. Therefore, the award of attorneys' fees is completely warranted in this situation.[4] See Jones-Bey v. Wright, 1996 U.S. Dist. LEXIS 11173, at *13-14.

[4] To the extent the Court fashions a different remedy than that requested by Defendant, Defendant requests that attorneys' fees be awarded for all attorneys' fees incurred as a result of such alternative remedy.

## III. Conclusion

For all of the above reasons, Defendant New England Gas Co. respectfully requests that the Court GRANT its motion for sanctions and order such other or further relief as the Court deems just and proper.

Respectfully submitted,

DEFENDANT NEW ENGLAND GAS CO.

By its attorneys,
NIXON PEABODY LLP

/s/ Neal J. McNamara
Neal J. McNamara (#4249)
Matthew J. Frankel (#7293)
One Citizens Plaza, Suite 500
Providence, RI 02903
Tel: (401) 454-1000
Fax: (401) 454-1030
nmcnamara@nixonpeabody.com
mfrankel@nixonpeabody.com

Dated: February 5th, 2007

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the within document was forwarded to the following persons via first class mail, postage pre-paid, this 5th day of February, 2007.

Bernard P. Healy, Esq.
750 East Street
Pawtucket, RI 02860

/s/ Neal J. McNamara