UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

FRANCESCA D'AMBRA
Plaintiff

V. C.A. NO. 06-352 S

NEW ENGLAND GAS COMPANY
Defendant

PLAINTIFF'S MOTION IN LIMINE

The Plaintiff, FRANCESCA D'AMBRA, hereby moves in limine to exclude any and all reference to any arrests and/or criminal convictions in reference to the Plaintiff, FRANCESCA D'AMBRA. The records of arrest and conviction are not admissible pursuant to Rule 609 of the Federal Rules of Evidence and are not indirectly admissible as a statement willfully and falsely made in response to interrogatories. In support of this motion, Plaintiff submits the attached memorandum of law.

Respectfully submitted,
FRANCESCA D'AMBRA
By her attorney:

Bernard P. Healy, #2072
750 East Avenue
Pawtucket, RI 02860
(401) 721-2260

CERTIFICATE OF SERVICE

I hereby certify that sent by mail and facsimile a copy of the within to counsel of record, Neil J. McNamara, and Matthew J. Frankel of NIXON PEABODY LLP, One Citizens Plaza, 5th floor, Providence, RI 02903 this day of February 22, 2007.

Christine Burns

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

FRANCESCA D'AMBRA
Plaintiff

V. C.A. NO. 06-352 S

NEW ENGLAND GAS COMPANY
Defendant

PLAINTIFF'S MEMORANDUM OF SUPPORT OF MOTION IN LIMINE

The Plaintiff, FRANCESCA D'AMBRA, has filed this motion in limine to exclude any and all reference made to alleged convictions and/or arrests of the Plaintiff. As grounds therefore, the Plaintiff states that the records would not be admissible as evidence of conviction pursuant to the Federal Rules of Evidence, Rule 609. Further, the Plaintiff states that the records can not be considered indirectly to constitute a false or misleading statement in reference to FRANCESCA D'AMBRA's denial of criminal convictions in her answers to interrogatories.

FACTUAL BACKGROUND

The NEW ENGLAND GAS COMPANY hired FRANCESCA D'AMBRA as an Apprentice Customer Field Service Technician along with five other apprentices in July, 2005. As part of the vetting process, the Defendant obtained a criminal history record from the State of Rhode Island. This document, which is attached hereto and labeled Exhibit A, demonstrates that FRANCESCA D'AMBRA had no criminal history record.

FRANCESCA D'AMBRA in fact in 2005 had her criminal record expunged. Before expungement, there had been two charges against her. The first, which dates back to February 15, 1991, was one of simple assault or battery. Pursuant to Rhode Island General Laws 11-5-3, the penalty for simple assault or battery is imprisonment not exceeding one year or a fine not exceeding $1,000 or both. The second charge dated back to November 17, 2003. This was a shoplifting charge, governed by Rhode Island General Laws Section 11-41-20. The penalty for shoplifting is imprisonment for not more than one year and $500 fine or both.

Based upon the expungement of her record, FRANCESCA D'AMBRA when asked in interrogatories whether she had ever been arrested or convicted of a crime stated that she had not ever been so arrested or convicted.

The Defendant had subpoenaed records of a prior employer of FRANCESCA D'AMBRA, My Plumber. Ms. D'Ambra had applied for work with that company in February, 2004 before the record of criminal history had been expunged. Attached to the documents forwarded to the Defendant was a criminal history record dated March 9, 2004. This record did notice and contain references to both the shoplifting and the assault charge. In reference to the shoplifting charge, no disposition was listed. In reference to the assault charge, the record indicated that the case was filed on March 21, 1991 after a plea of nolo contendere. Pursuant to Rhode Island law, a filing upon a plea of no lo contendere is not considered a conviction.

The defendant, upon receipt of this earlier record of conviction, did declare at the recently held pre-trial conference that Defendant intended to impeach Ms. D'Ambra with this prior record of conviction and in response Plaintiff now files this, her Motion In Limine.

ISSUE

Should the Defendant, NEW ENGLAND GAS COMPANY, be allowed to reference, refer or cite any prior arrest and/or conviction of FRANCESCA D'AMBRA.

ARGUMENT

The admissibility of a prior criminal conviction is governed by Rule 609 of the Federal Rules of Evidence. Rule 609 (A) (1) provides that a conviction of a crime which has a penalty of either death or imprisonment for more than one year may be admitted to impeach a witness. As a preliminary matter, neither offense has a penalty of greater than one year. Pursuant to this section of Rule 609 neither conviction would be a proper subject for impeachment. Rule 609 (A) (2) provides that convictions of crimes involving dishonesty may be admitted. To state the obvious, an assault or battery does not involve dishonesty. In reference to shoplifting, the United States District Courts are virtually unanimous that shoplifting is not a crime involving dishonesty within the meaning of Rule 609(A) (2). In Unites States vs. Scisney, 885 Federal 2nd 325(6th Cir. 1989) and United States vs. Entrekin, 624 Federal 2nd 597 (5th Cir. 1980) the courts have held that shoplifting is not a crime involving dishonesty which would be admissible pursuant to Rule 609 (A) (2).

In reference to the charge of simple assault or battery, the plea of nolo contendere entered in 1991. Rule 609 has a ten year time limit. That conviction is clearly outside the ambit of Rule 609. In reference to the shoplifting charge, there is no evidence at all that a conviction occurred, even prior to expungement of that charge. Ms. D'Ambra herself is not sure whether any plea entered in reference to the case. She is sure is that she was not arrested in reference to this matter. She was leaving a store and had a pair of boots on her person, apparently for which she had not paid. When confronted by store personnel, she returned the boots and then left the store. To her recollection, she thereafter received a

call from the Johnston Police Department and went to the Johnston Police Station. She was never detained at the Police Station.

Rule 609 (C) directs that evidence of a conviction can not be raised or alluded to should there have been a pardon or annulment. In this case, there was an expungement, which if anything is a greater remedy than a pardon. Rhode Island General Laws 12-1.3.4 (b) provides that after expungement, "in any application for employment, license, or other civil right or privilege, or any appearance as a witness, a person whose conviction of a crime has been expunged pursuant to this chapter may state that he or she has never been convicted of the crime". Even if the record had not been expunged, under Rhode Island law, the fact that the charge was filed results in their being no conviction. Rhode Island General Laws section 12-10-12 (c) states, "if no action is taken on the complaint for a period of one year following the filing, the complaint shall be automatically quashed and destroyed. All records relating to the complaint shall be expunged pursuant to the provisions of Chapter 1.3 of this title. Further, if any record of the complaint has been entered into a docket or alphabetical index, whether kept in writing or in an electronic information storage system or other data compilation system, all references to the identity of the person charged by the complaint shall be removed from docket or index. No criminal records shall result."

In sum, under Rhode Island law, Ms. D'Ambra was never convicted of a crime and there is absolutely no evidence that she has ever been arrested for a crime. Even if there were a conviction, given the penalty imposed, the conviction would not be admissible under Rule 609 of the Federal Rules of Evidence. Moreover, given the fact of expungement, there is an additional reason to bar admission of these alleged convictions.

The Defendant no doubt will argue that the evidence of the shoplifting arrest and the plea of nolo in filing of the assault charge should be admitted to demonstrate that Ms. D'Ambra did not answer her interrogatories honestly. In fact, FRANCESCA D'AMBRA, did answer the interrogatories honestly and in accord with the law. As cited above, a person whose record has been expunged is entitled to state under oath and as a witness that he or she has not been convicted of a crime. Certainly, the same rule must apply to answers to interrogatories. FRANCESCA D'AMBRA was well within her rights to deny any record or history of conviction or arrest.

Moreover, the entire theory behind Rule 609 is that the very existence of a criminal conviction makes a person less credible. A court, beyond the mere fact of conviction, will not allow inquiry into the alleged criminal conduct. In this case, to allow interrogation regarding alleged criminal conduct without evidence of a conviction, and at present no such evidence exists, is grossly prejudicial. It is evidence of specific instances of bad conduct on relatively remote prior occasions which bear no relevance to the case at hand. To allow the admission of such inquiry controverts both the spirit and the letter of the Federal Rules of Evidence.

CONCLUSION

Based upon the foregoing, the Plaintiff respectfully requests that the Motion In Limine be granted and that Defendant be barred and restrained from referring to any alleged prior criminal convictions and/or arrests.

The Plaintiff
FRANCESCA D'AMBRA
By her attorney:

Bernard P. Healy, #2072
750 East Avenue
Pawtucket, RI 02860
(401) 721-2260

CERTIFICATE OF SERVICE

I hereby certify that sent by mail and facsimile a copy of the within to counsel of record, Neil J. McNamara, and Matthew J. Frankel of NIXON PEABODY LLP, One Citizens Plaza, 5th floor, Providence, RI 02903 this day of February 22, 2007.

721-2230

copy 1/31/07 sent to Sharon & Vicki

YMCA
We build strong kids, strong families, strong communities.

R.I. STATE DIVISION OF CRIMINAL IDENTIFICATION
JAN 21 2007
NO. RECORD
BY

Please Type or Print

Name: Francesca D'Ambra
First Last Maiden

Date of Birth 4/4/65

**DISCLAIMER**

I Francesca D'ambra request that the Bureau of Criminal Identification Of the Department of Attorney General for the State of Rhode Island to make available to the West Bay Family YMCA any criminal records that I may have on file with the Bureau of Criminal Identification.

I hereby waive and release any and all manner of actions, cause of actions and demands of every kind, nature and description arising from any release of criminal records and requests therefrom, whatsoever against the State of Rhode Island, Bureau of Criminal Identification, the Attorney General and the employees of the Attorney General's Office in both law and equity which I may now have or in the future may have.

x Francesca D'ambra
Signature of Applicant

Sworn to before me on this 18 day of January 2007

x [signature] #56559
Signature of Notary Public

My Commission Expires: 9/21/09

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

To:

Bureau of Criminal Identification
150 South Main Street
Providence, RI 02903

From:

Please forward all results to my attention: YMCA of Greater Providence
Intown Family (Branch Name)
222 Richmond Street, Suite 302
Providence. RI 02905

**** Copy of photo identification with date of birth and a self addressed stamped envelope must accompany this Disclaimer.**