UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

FRANCESCA D'AMBRA
Plaintiff

V. C.A. NO. 06-352 S

NEW ENGLAND GAS COMPANY
Defendant

OBJECTION OF THE PLAINTIFF, FRANCESCA D'AMBRA, TO THE MOTION IN LIMINE OF THE DEFENDANT, THE NEW ENGLAND GAS COMPANY

Now comes the Plaintiff, FRANCESCA D'AMBRA, and objects to the motion of the Defendant, NEW ENGLAND GAS COMPANY, in limine which seeks the exclusion of testimony from Plaintiff's co-employees who were not involved in the decision making process of her hire and/or termination. The Plaintiff states that the witnesses, her co-employees, are crucial to the proof of her case, that the exclusion of these witnesses would be highly prejudicial, and there is no legal basis for the exclusion of such witnesses. In support hereof, the Plaintiff relies upon her memorandum of law.

The Plaintiff
FRANCESCA D'AMBRA
By her attorney:

Bernard P. Healy, #2072
750 East Avenue
Pawtucket, RI 02860
(401) 721-2260

CERTIFICATE OF SERVICE

I hereby certify that sent by mail and facsimile a copy of the within to counsel of record, Neil J. McNamara, and Matthew J. Frankel of NIXON PEABODY LLP, One Citizens Plaza, 5th floor, Providence, RI 02903 this day of February 22, 2007.

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

FRANCESCA D'AMBRA
Plaintiff

V. C.A. NO. 06-352 S

NEW ENGLAND GAS COMPANY
Defendant

MEMORADUM OF THE PLAINTIFF IN SUPPORT OF HER OBJECTION TO DEFENDANT'S MOTION IN LIMINE

The Defendant, NEW ENGLAND GAS COMPANY, filed its motion in limine to exclude any and all witnesses that this Plaintiff, FRANCESCA D'AMBRA, intends to call who were not decision makers with respect to Plaintiff's hiring or termination and did not influence the decisions to hire or terminate her and finally who have no personal knowledge that would shed light on the decision maker's motivations with respect to Plaintiff's termination. The defendant contends that such testimony would be irrelevant and immaterial. In fact, such evidence is at the core of Plaintiff's case and Plaintiff's entire theory of liability would be eviscerated if such evidence is not allowed.

FACTUAL BACKGROUND

The NEW ENGLAND GAS COMPANY hired Plaintiff as an Apprentice Customer Field Service Technician along with five other apprentices in July, 2005. Plaintiff suffered an attack of acute appendicitis which disabled her for about five to six weeks. Rather than starting with the other apprentices, all of whom were male, on July 11, 2005, Plaintiff began her apprenticeship on August 11, 2005.

In the apprenticeship program, each apprentice had a "mentor". In Ms. D'Ambra's case, her original mentor was Robert Ganem, and he served as Francesca's mentor until November, 2005. In December, 2005, FRANCESCA D'AMBRA alone of the apprentices was placed under special scrutiny. She had at that point to ride with supervisors, as opposed to continuing in the apprenticeship program. She was also specifically assigned to nonsupervisory personnel who had earlier made derogatory comments regarding her working as a woman in the customer field service department. That department of the Gas Company at the time of Francesca'a apprenticeship had no females.

As part of the apprenticeship program, Francesca would be assigned to a nonapprentice CFS technician. Francesca would work with the nonapprentice technician for various periods of time. The supervisors, who ultimately decided to terminate Francesca would on occasion visit jobs.

Beginning in December, 2005, the supervisors began to note that Francesca was not an apt candidate for hire by the Gas Company. The reports of the supervisors were highly critical indicating that FRANCESCA D'AMBRA did not know how to use tools, had no sense of direction, was not strong enough to perform the job, and was generally not performing to the expectations of the Gas Company. The Gas Company summarily terminated Ms. D'Ambra in January, 2006. The Gas Company has in this case alleged that it had a nondiscriminatory reason to discharge Ms. D'Ambra, to wit that she was a bad employee. FRANCESCA D'AMBRA contends that this reason is pure pretext and the sole reason for her discharge was her gender.

The Defendant has filed a motion in limine contending that the only appropriate witnesses in this case are the decision makers themselves. The Defendant contends that observations of co-employees are entirely irrelevant.

ISSUE

Is the testimony of former co-employees with whom Plaintiff worked irrelevant to the present action.

ARGUMENT

While the Defendant has cited several cases which it contends supports the proposition that only decision makers can testify in a discrimination case, the cases cited hardly support that proposition In Swanson vs. Leggitt & Platt, Inc., 154 Fed 3rd 730 (7th Cir. 1998) the court of appeals found that a statement of a management employee, who was not a decision maker in reference to the Plaintiff's termination, that age had something to do with the Plaintiff's termination was improperly admitted. In Hill vs. Speigel, Inc., 708 Fed 2nd 233 ( 6th Cir. 1983) the court held that co-employees were not allowed to render opinions on the ultimate issue in that case, namely that the plaintiff was discharged for discriminatory reasons. The Plaintiff in this case will concede that lay opinion regarding the motivation of a company in terminating an employee is not proper evidence. The fact is that the Plaintiff in this case has no intent at all of soliciting opinion evidence from her former co-employees. The co-employees will testify regarding the satisfactory performance of her job duties. The virtually universal rule in discrimination cases is that evidence of satisfactory job performance can establish that the stated reason for discharge was pretext. Short vs. Dillon, Read and Company, Inc. 2 F. Supp. 2d 206 (E.D.N.Y. 1997).

If the Defendant's theory were allowed, the only evidence admissible in a discrimination case would be testimony of the very people who were guilty of the

discrimination. A case such as this would devolve into determining whether the decision makers were more or less credible by examination of them alone. Such is clearly not the case. The Plaintiff intends to establish through testimony of co-employees that she was an eager, able and competent employee. That is quite different from having co-employees testify that their belief was that the decision maker's motivation was discriminatory. Rather, the jury will be able to judge observations of co-employees with observations of management and determine which account is more credible. Without such evidence, the Plaintiff has virtually no ability to prove her case. Since the stated reason for her discharge was that she was an incompetent and unsatisfactory employee, evidence contradicting that is clearly germane, relevant, material to this case.

Nor can the defendant claim undue prejudice as a result of the untimely submission of the pre-trial memorandum. Plaintiff had answered interrogatories in a quite timely manner and had listed therein all witnesses, a list which was not extensive. Clearly, this Defendant knew that the Plaintiff's witnesses would be her co-employees. The Defendant in fact has greater access to these witnesses than certainly the Plaintiff. Since the Defendant insisted on limiting the number of depositions taken by Plaintiff to the statutory limit, the Plaintiff has not even had an opportunity to depose all such witnesses. Given these facts, there clearly has been no prejudice to the Defendant. The testimony of co-employees is relevant, germane and material.

CONCLUSION

Based upon the foregoing, the Plaintiff respectfully requests that the motion of the Defendant in limine be denied.

The Plaintiff
FRANCESCA D'AMBRA
By her attorney:

Bernard P. Healy, #2072
750 East Avenue
Pawtucket, RI 02860
(401) 721-2260

CERTIFICATE OF SERVICE

I hereby certify that sent by mail and facsimile a copy of the within to counsel of record, Neil J. McNamara, and Matthew J. Frankel of NIXON PEABODY LLP, One Citizens Plaza, 5th floor, Providence, RI 02903 this day of February 23, 2007.