UNITED STATE DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| FRANCESCA D'AMBRA,<br>Plaintiff, | : | |
| v. | : | C.A. No. 06-352 S |
| NEW ENGLAND GAS CO.,<br>Defendant. | : | |

**DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION IN LIMINE**

Defendant New England Gas Co. hereby objects to Plaintiff's motion *in limine* insofar as Plaintiff seeks to preclude Defendant from cross-examining Plaintiff pursuant to Fed. R. Evid. 608(b). Defendant does not object to preclusion of evidence and questioning regarding Plaintiff's responses to Interrogatories in connection with her 1991 assault conviction. Defendant does object, however, to Plaintiff's motion insofar as it seeks to exclude her own testimony, elicited pursuant to Rule 608(b), regarding a prior specific instance of misconduct that is probative of her truthfulness. Specifically, Defendant is entitled to cross-examine Plaintiff regarding her actions in connection with her November 2003 commission of attempted larceny at Burlington Coat Factory in Johnston; her decision to flee the scene; and her later arrest and plea of *nolo contendere*. In support of this Objection, Defendant submits the attached memorandum of law.

Respectfully submitted,

DEFENDANT NEW ENGLAND GAS CO.

By its attorneys,
NIXON PEABODY LLP

/s/ Neal J. McNamara
Neal J. McNamara (#4249)
Matthew J. Frankel (#7293)
One Citizens Plaza, Suite 500
Providence, RI 02903
Tel: (401) 454-1000
Fax: (401) 454-1030
nmcnamara@nixonpeabody.com
mfrankel@nixonpeabody.com

Dated: February 23rd, 2007

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the within document was forwarded to the following persons via first class mail, postage pre-paid, this 23rd day of February, 2007.

Bernard P. Healy, Esq.
750 East Street
Pawtucket, RI 02860

/s/ Neal J. McNamara

UNITED STATE DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| FRANCESCA D'AMBRA, Plaintiff, | : | |
| v. | : | C.A. No. 06-352 S |
| NEW ENGLAND GAS CO., Defendant. | : | |

**DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION IN LIMINE**

Defendant New England Gas Co. objects to Plaintiff's motion *in limine* only to the extent it seeks to preclude cross-examination regarding a prior specific instance of misconduct on the part of Plaintiff that is admissible under Fed. R. Evid. 608(b). Specifically, Defendant seeks to cross-examine Plaintiff regarding her actions in connection with her November 2003 commission of attempted larceny at Burlington Coat Factory in Johnston; her decision to flee the scene; and her later arrest and plea of *nolo contendere*. This evidence – which will be established solely through Plaintiff's own testimony – is clearly probative of the truthfulness of Plaintiff, the key witness in the case, is near in time, is not extrinsic, and is therefore admissible under Rule 608(b).

## I. FACTUAL BACKGROUND

On January 22, 2007, Defendant served a subpoena on Plaintiff's former employer, My Plumber, located in Cranston, Rhode Island, seeking all documents related to Plaintiff's employment with that company. On February 9, 2007, a representative of My Plumber produced a number of responsive documents to Defendant's counsel. Among those documents was a criminal history record dated March 9, 2004, which listed, inter alia, an arrest of Plaintiff on November 17, 2003, for the stated charge of attempted larceny (under $500). The record did not

contain any further information regarding the disposition of the charge. A copy of the March 9, 2004 criminal history record is attached as Exhibit A.

Upon inquiry to the Johnston Police Department on February 9 and February 21, 2007, Defendant obtained further information regarding the November 2003 incident, specifically that:

1. Plaintiff attempted to shoplift a pair of Timberland boots from the Burlington Coat Factory in Johnston on November 16, 2003.
2. Shoe clerk Krystal Dicks stated that she saw a woman matching Plaintiff's description "go into the dressing room with a box of Timberland boots and come out with nothing in her hands. Dicks checked the fitting room and found an empty Timberland shoe box and a sensor that had been bit off the shoes."
3. Dicks and her manager, Susana Azevedo, pursued the suspect, who was running out of the store and was wearing a black back pack in which she had apparently placed her own shoes. Azevedo demanded that the suspect take the boots off and the suspect complied.
4. Azevedo took possession of the boots, told the suspect the police were coming, and then observed the suspect flee in a beige colored Toyota Camry registered to Plaintiff at her former address.
5. Cranston Police were contacted and told to advise Plaintiff to respond to Johnston Police headquarters in reference to the incident.
6. The next day, November 17, 2003, Plaintiff responded to Johnston Police headquarters. When asked why she had fled the scene, Plaintiff could not provide an answer.
7. Plaintiff was charged under Rhode Island Gen. Laws § 11-41-6 for attempted larceny (under $500), was given a court date in the Sixth District Court for November 26, 2003, and was released.

8. According to Johnston Police records, Plaintiff pleaded *nolo contendere* to the attempted larceny charge. She was given 25 hours of community service and was ordered to pay restitution of $140.00 plus court costs.

Documents received from the Johnston Police Department, which support each of the above facts, are attached as Exhibit B.

## II. LEGAL ANALYSIS

Federal Rule of Evidence 608(b), provides in relevant part:

> **Specific instances of conduct.** Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness, other than a conviction of crime of provided in rule 609, may not be proved by extrinsic evidence. *They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness* . . . .

Id. (emphasis added). The Advisory Committee Notes (1972) clarify the rule, stating, "Particular instances of conduct, though not the subject of a criminal conviction, may be inquired into on cross-examination of the principle witness [her]self . . . ."

Although the Court has "wide discretion" to allow questioning pursuant to Rule 608(b), Ruffin v. City of Boston, 146 Fed. Appx. 501, 608 (1st Cir. 2005) (unpublished op.), it can only exercise such discretion where the proffered evidence is "probative of truthfulness or untruthfulness, is not extrinsic, and is presented during examination of . . . the principle witness." 28 Fed. Prac. & Proc. § 6118. Here, Defendant seeks only to elicit Plaintiff's own testimony about the attempted larceny, and does not seek to offer extrinsic evidence of the incident. Moreover, there is no question that Plaintiff is the "principle witness," such that her case will depend almost entirely upon whether the jury believes her. Nor can there be any doubt that – Plaintiff's protestation to the contrary – shoplifting is an "honesty crime" which cuts right to the

heart of Plaintiff's character for truthfulness. Defendant now addresses this third point in greater detail.

**A. Plaintiff's testimony regarding the November 2003 shoplifting incident will be highly probative of her truthfulness.**

Plaintiff attempted to steal from a retail store. When she was caught and told the police were coming, she fled the scene. Nothing could be more probative of her honesty and trustworthiness than this incident. It occurred less than three-and-a-half years ago; Plaintiff was an adult and the same person she is today. There is no doubt that a jury trying to decide whether to believe Plaintiff on the one hand, or her supervisors and co-workers on the other, should be entitled to know about this recent criminal conduct on the part of Plaintiff.

Plaintiff's argument that her crime was expunged[1] and thus is not admissible under Fed. R. Evid. 609 is inapposite. Defendant does not seek to offer any extrinsic evidence of Plaintiff's criminal conduct pursuant to Rule 609. Instead, Defendant will simply cross-examine Plaintiff within the parameters of Rule 608(b), under which the mere fact of conviction is immaterial. Regardless of the judicial outcome, Rule 608(b) allows inquiry into underlying conduct so long as that conduct bears on the witness' truthfulness. See Rule 608(b), Advisory Committee Notes (1972) ("Particular instances of conduct, *though not the subject of a criminal conviction*, may be inquired into on cross-examination of the principle witness [her]self . . . .") (emphasis added).

Plaintiff's alternative argument, that "shoplifting is not a crime involving dishonesty within the meaning of Rule 609(A)(2)," see Plaintiff's Memorandum in Support of Motion *In Limine* at unnumbered 2, is also inapposite. First, in both cases cited by Plaintiff, the respective courts analyzed whether *extrinsic* evidence of a prior conviction should have been admitted

---

[1] Defendant notes that it possesses no evidence beyond Plaintiff's counsel's assertions that her criminal record has been expunged.

under Rule 609(a)(2) in a *criminal* case. See United States v. Scisney, 885 F.2d 325, 326 (6th Cir. 1989); United States v. Entrekin, 624 F.2d 597, 598-99 (5th 1980). Both can easily be distinguished on those bases. Second, the court in United States v. Scisney expressly sought to limit its holding to the case before it. Although the court affirmed the defendant's conviction for bank robbery, it noted that the trial judge committed harmless error by allowing the government to introduce evidence under Rule 609(a)(2) of the defendant's misdemeanor conviction for shoplifting a fifty-cent pack of gum. However, in so doing, the court stated: "*Without intending to bind future courts on this general issue*, we conclude that that was not the type of conviction involving dishonesty or false statement anticipated by the rule, and that the government should not have been allowed to use it." Id. (emphasis added). This case provides little support for Plaintiff's position that shoplifting is not a dishonesty crime *per se*.

A number of courts dealing specifically with Rule 608(b) have held that prior conduct involving theft, including shoplifting, is a proper subject of cross-examination for the purposes of determining the witness' veracity. See United States v. Mussare, 405 F.3d 161, 171 (3d Cir. 2005) (trial court properly permitted witness to testify about prior shoplifting convictions); Young v. James Green Mgmt., Inc., 327 F.3d 616, 627 (7th Cir. 2003) (noting that "stealing is probative of untruthfulness" in holding that trial court properly permitted witness to be questioned about theft of documents from employer); United States v. Monaco, 1999 U.S. App. LEXIS 26869, at *11 (2d Cir. Oct. 21, 1999) (unpublished op.) (trial court properly allowed government to cross-examine defendant regarding shoplifting); United States v. Smith, 80 F.3d 1188, 1193 (7th Cir. 1996) ("Prior acts of theft . . . are, like fraud or deceit, probative of a witness's truthfulness or untruthfulness under Rule 608(b).").

Even if shoplifting or theft are not deemed to be probative of truthfulness *per se*, the specific circumstances of Plaintiff's 2003 misconduct clearly bring it into the realm of deceit and dishonesty. Plaintiff snuck into a secluded dressing room, broke off the sensor that would set off the alarm, placed the new boots on her feet and her old shoes in her bag, and scurried out the front of the store. When she was caught red-handed and informed that the police were coming, she fled the scene of her crime, and would have gotten away with it had the sales clerks not had the wherewithal to record her license plate.

This is not a case where Plaintiff stuck a pack of gum in her pocket and walked out the door. She engaged in a well-planned, deceitful course of conduct to deprive Burlington Coat Factory of its property. Further, once she was caught, she attempted to evade responsibility for her actions in an illegal and deceitful manner by fleeing the scene. Even if the act of shoplifting itself might be excused, the act of purposefully attempting to avoid liability for such shoplifting, once caught, is truly probative of a person's truthfulness. An honest person accepts the consequences of their wrongful actions. A deceitful person attempts to run from the police. Plaintiff's conduct with respect to the November 2003 incident was deceitful, is probative of her truthfulness, and Plaintiff's testimony regarding her conduct should go to the jury.

**B. <u>Numerous other factors weigh in favor of allowing cross-examination regarding the November 2003 incident under Rule 608(b).</u>**

A number of factors that courts have traditionally weighed in determining whether cross-examination pursuant to Rule 608(b) should be allowed also militate in favor of Defendant's position. These factors are discussed below.

**1. Plaintiff is *the* crucial witness in the case.**

Several courts have held that Rule 608(b) specific instances evidence is most important, and should be admitted, where the witness to be questioned pursuant to the Rule is a key or

crucial witness in the case. See Vichare v. Ambac, Inc., 106 F.3d 457, 468 2d Cir. 1996) (Rule 608(b) cross-examination was proper; witness "was the crucial witness called on his claim: the question of his credibility was essential to the case"); United States v. Leake, 642 F.2d 715, 719 (4th Cir. 1981) (district court erred by excluding Rule 608(b) cross-examination of witness whose "testimony was crucial to the prosecution's case"); cf. United States v. Watson, 669 F.2d 1374, 1383 (11th Cir. 1982) (similar holding under Fed. R. Evid. 608(a)).

Here, Plaintiff's testimony is obviously the most important part of the case. She accuses all of her supervisors of lying about her ability to do the job, and lying about their true motivations for deciding to terminate her. Plaintiff's testimony as to her own ability, and what she witnessed that made her believe she was the victim of discrimination, is absolutely crucial to the ultimate outcome of this case. Thus, this factor militates in favor of allowing the Rule 608(b) cross-examination.

**2. The conduct at issue is near in time.**

Plaintiff's misconduct occurred in November 2003, approximately three-and-a-half years ago. Courts have routinely allowed Rule 608(b) cross-examination as to conduct that were far more remote in time than three-and-a-half years. In Deary v. City of Gloucester, 9 F.3d 191, 196 (1st Cir. 1993), the court approved of the trial court's decision to allow Rule 608(b) cross-examination regarding an incident that had occurred *ten years* prior to trial. The court noted that "close proximity in time is not required under Fed. R. Evid. 608(b)." Id. at 196. Likewise, in United States v. Sellers, 906 F.2d 597, 605 (11th Cir. 1990), the court approved of the trial court's decision to admit Rule 608(b) cross-examination as to conduct that had occurred eight years prior to trial. See also United States v. Edwards, 549 F.2d 362, 367 (5th Cir. 1977) (subsequent history omitted) (same holding with respect to conduct more than ten years before

trial). Thus, there can be no doubt that the conduct at issue is sufficiently near in time to be admitted. This factor also weighs in favor of permitting the Rule 608(b) cross-examination.

**3. The specific conduct at issue certainly occurred.**

Certain courts are reluctant to allow Rule 608(b) cross-examination where there is a lack of evidence that the underlying conduct, in fact, occurred. See 28 Fed. Pac. & Proc. § 6118, n.19; see, e.g., United States v. Townsend, 31 F.3d 262, 268 (5th Cir. 1994) (trial court did no abuse discretion refusing Rule 608(b) cross-examination because there was lack of evidence of underlying misconduct). Here, there are no such concerns. The Johnston Police records, including officer and witness statements, as well as the fact of Plaintiff's *nolo* plea, conclusively establish that the underlying misconduct occurred.[2] Thus, there is no danger that the jury will be misled, or believe that something occurred when it, in fact, did not. This factor militates in favor of permitting the Rule 608(b) cross-examination, as well.

**4. Plaintiff should not be able to challenge the credibility of Defendant's witnesses without being subject to scrutiny of her prior criminal, dishonest conduct, and there is no chance of misleading or confusing the jury.**

The bottom line in this case is that Plaintiff is accusing every one of her supervisors, and a number of her co-workers, of being liars. At the same time, Plaintiff attempts to avoid having to answer questions about her own recent misconduct that certainly sheds light upon whether she is trustworthy or not. The jury is entitled to her testimony on this issue.

There is no possibility that the jury will be misled or confused. This is not a criminal case wherein discussion of collateral bad acts could result in a conviction for conduct not on trial. Nor is there any chance that the jury will decide the case against Plaintiff simply because

[2] While Plaintiff's alleged expungement might eliminate the incident from her criminal record, it does not erase it from the historical record. Plaintiff does not, and cannot, deny that the shoplifting incident did, in fact, occur.

she got in trouble a few years ago. The sole purpose of Defendant's Rule 608(b) cross-examination will be to alert the jury of recent conduct on the part of Plaintiff that reflects poorly on her credibility. The jury will be perfectly capable of drawing its own conclusions regarding whether Plaintiff's testimony regarding her prior conduct does or does not reflect poorly on her credibility. But given that Plaintiff's credibility is at the heart of this case, it would be unfair to Defendant to deprive the jury of the chance to make this evaluation.

## III. CONCLUSION

For all of the foregoing reasons, Defendant respectfully requests that this Court DENY, in part, Plaintiff's motion ***in limine***, and ALLOW Defendant to cross-examine Plaintiff, pursuant to Fed. R. Evid. 608(b), regarding her deceitful and dishonest conduct in connection with the November 2003 shoplifting incident.

Respectfully submitted,

DEFENDANT NEW ENGLAND GAS CO.

By its attorneys,
NIXON PEABODY LLP

/s/ Neal J. McNamara
Neal J. McNamara (#4249)
Matthew J. Frankel (#7293)
One Citizens Plaza, Suite 500
Providence, RI 02903
Tel: (401) 454-1000
Fax: (401) 454-1030
nmcnamara@nixonpeabody.com
mfrankel@nixonpeabody.com

Dated: February 23rd, 2007

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the within document was forwarded to the following persons via first class mail, postage pre-paid, this 23rd day of February, 2007.

Bernard P. Healy, Esq.
750 East Street
Pawtucket, RI 02860

/s/ Neal J. McNamara